UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:  9:17-cv-81342

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

        Plaintiff,

v.

THE TOLLIVER PRINCE REAL ESTATE
CORPORATION, JOHN L. TOLLIVER, P.A.,
STEVEN R. PRINCE, P.A., JOHN
LEONARD TOLLIVER, and STEVEN R.
PRINCE,

        Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. by and through undersigned counsel, brings this Complaint against Defendants THE TOLLIVER PRINCE REAL ESTATE CORPORATION, JOHN L. TOLLIVER, P.A., STEVEN R. PRINCE, P.A., JOHN LEONARD TOLLIVER and STEVEN R. PRINCE, for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1.      Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. ("AAP") brings this action for violations of AAP's exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute AAP's original copyrighted works of authorship in its real estate photographs.  AAP licenses its copyrighted works, such as the ones in this case, to real estate associates and brokerages for use in connection with promoting real estate listings.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL  33431

2. AAP provides high-end real estate photography services to real estate brokers and agents in South Florida.

3. Robert Stevens is AAP's principal photographer and its founder.  Mr. Stevens' work is sought after by real estate professionals throughout South Florida.  For the past ten years, Stevens has photographed some of the most expensive real estate listings in U.S. history, including Donald Trump's mega-mansion in Palm Beach listed for $125 million. From Palm Beach to California, the Bahamas and New York, Stevens has been contracted to photograph the estates of Madonna, Celine Dion, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Bill Gates, Tommy Lee Jones, Bryant Gumble and Chris Evert.

4. Defendant THE TOLLIVER PRINCE REAL ESTATE CORPORATION ("TTPREC") is a licensed real estate corporation and broker.

5. Defendant JOHN L. TOLLIVER, P.A. ("JLT") is a professional association that holds the Florida real estate license of John Leonard Tolliver, who is a real estate sales associate and employee under the brokerage of TTPREC.

6. Defendant STEVEN R. PRINCE, P.A. ("SRP") is a professional association that holds the Florida real estate license of Steven R. Prince, and who is a real estate sales associate and employee under the brokerage of TTPREC.

7. AAP alleges that JLT and SRP obtained AAP's copyrighted works from prior listings for other properties on multiple listing services of which JLT and SRP are members in order to carry out their activities as professional real estate agents and brokers.  JLT and SRP copied AAP's copyrighted photographs from these prior real estate listings without AAP's permission.  The prior real estate listings that JLT and SRP obtained to copy AAP's copyrighted

photographs are available to all professional licensed real estate associates and brokers who are members of the multiple listing service where the photos were posted, and they are also available publicly on the internet.

8. JLT and SRP distributed AAP's copyrighted photographs also without AAP's permission, such as through real estate listings on multiple listing services. JLT and SRP committed the violations alleged by copying and distributing AAP's copyrighted works in connection with JLT and SRP's real estate listing posted on one or more multiple listing services for purposes of advertising and promoting public real estate listings in the course and scope of JLT and SRP's professional real estate businesses.

9. Defendant TTPREC, the broker for JLT and SRP, appears as listing broker on the real estate listing where JLT and SRP committed the violations of AAP's exclusive rights under the copyright act.

10. Defendant TTPREC is liable for the infringement by JLT and SRP because a Florida real estate broker is liable for the torts of its agents, even if those agents are treated as "independent contractors."

11. A person licensed as a real estate sales associate may not operate as a sales associate without a broker that is registered as her or his employer. Fla. Stat. § 475.42(1)(B).

12. Moreover, the "terms "employ," "employment," "employer," and "employee," when used to describe the relationship between a broker like TTPREC and JLT and SRP, include an independent contractor relationship when such relationship is intended by and established between a broker (TTPREC) and a sales associate (JLT and SRP), and furthermore the existence of an independent contractor relationship shall not relieve the broker (TTPREC) of its duties,

obligations, or responsibilities, which include being responsible for the offences of JLT and SRP. Fla. Stat., § 475.01(2).

13. As a result, even if TTPREC designates its agents as "independent contractors," JLT and SRP are "employees" under the Florida Real Estate Code and the common law of principal/agent in Florida, TTPREC is vicariously liable for its agents' acts committed in connection with and in furtherance of TTPREC's real estate brokerage business.

14. AAP's works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

## JURISDICTION AND VENUE

15. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

16. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

17. Defendants are subject to personal jurisdiction in Florida.

18. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

19. The Tolliver Prince Real Estate Corporation d/b/a Tolliver Prince Realty Group is a Corporation with its principal place of business at 214 Brazilian Ave, Suite 200, Palm Beach, Florida, 33480, and can be served by serving its Registered Agent, John L Tolliver P.A., 819 Claremore Dr., West Palm Beach, Florida, 33401.

5

20. John L. Tolliver, P.A. is a Florida licensed Real Estate Broker or Sales Associate, License Number BK460925.

21. Steven R. Prince, P.A. is a Florida licensed Real Estate Sales Associate, License Number SL3021201.

22. Defendant JOHN LEONARD TOLLIVER ("Tolliver") is an individual who resides or can be located in Palm Beach County at 819 Claremore Drive, West Palm Beach, Florida, 33401.

23. Defendant STEVEN R. PRINCE ("Prince") is an individual who resides or can be located in Palm Beach County at 950 Hickory Trail, Wellington, Florida, 33414.

## THE COPYRIGHTED WORKS AT ISSUE

24. AAP created three photograph which are shown on the following pages and referred to herein as the "Works".





6
**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL  33431



25. At the time it created the Works, AAP applied copyright management information to the Work consisting of the the words "© AAP All Rights Reserved" or "© Robert Stevens" in the bottom left corner of the Works.

26. AAP registered the Works with the Register of Copyrights on July 7, 2015 and August 12, 2016, and was assigned the registration numbers VA 1-967-719 and VA 2-033-304. The Certificates of Registration are attached hereto as Exhibit 1.

27. At all relevant times AAP was the owner of the copyrighted Works at issue in this case.

### INFRINGEMENT BY DEFENDANTS

28. The Defendants have never been licensed to use the Works at issue in this action for any purpose.

29. On a date after the Works at issue in this action were created, but prior to the filing of this action, Defendants copied the Works.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431

30. Defendants JLT and SRP copied AAP's copyrighted Works without AAP's permission.

31. After Defendants JLT and SRP copied the Works, they made further copies and distributed the Works on the internet to promote the sale of services as part of their real estate sales businesses.

32. Defendants JLT and SRP copied and distributed AAP's copyrighted Works in connection with their business for purposes of advertising and promoting Defendants JLT's and SRP's business, and in the course and scope of advertising and selling products and services.

33. JLT and SRP committed copyright infringement of the Works as evidenced by the documents attached hereto as Exhibit 2.

34. AAP's works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

35. AAP never gave Defendants permission or authority to copy, distribute or display the Works at issue in this case.

36. AAP notified the Defendants of the allegations set forth herein on June 29, 2017. To date, Defendants have failed to respond to Plaintiff's Notice. A copy of the Notice to the Defendants is attached hereto as Exhibit 3.

37. After receiving said notice, Defendants committed a new infringement of the Works, as shown by Exhibit 4.

38. When JLT and SRP copied and displayed the Works at issue in this case, JLT and SRP removed AAP's copyright management information from the Works.

39. AAP never gave Defendants permission or authority to remove copyright management information from the Works at issue in this case.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL  33431

40. Plaintiff has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I
## COPYRIGHT INFRINGEMENT BY TOLLIVER AND PRINCE

41. Plaintiff incorporates the allegations of paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. AAP owns a valid copyright in the Works at issue in this case.

43. AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

44. Tolliver and Prince copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

45. Tolliver and Prince performed the acts alleged in the course and scope of its business activities.

46. AAP has been damaged.

47. The harm caused to AAP has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT AGAINST TTPREC

48. Plaintiff incorporates the allegations of paragraphs 1 through 40 of this Complaint as if fully set forth herein.

49. AAP owns valid copyrights in the Works at issue in this case.

50. AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

51.     Defendants JLT and SRP copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

52.     Defendants TTPREC profited from the direct infringement of the exclusive rights of AAP in the Works at issue in this case under the Copyright Act while declining to exercise a right to stop it.

53.     Alternatively, Defendant TTPREC is liable for the infringement of the exclusive rights of AAP in the Works at issue in this case under the Copyright Act because TTPREC acted as the broker for JLT and SRP in connection with each violation alleged, and under the Florida Real Estate Code and the common law of principal/agent in Florida, TTPREC is vicariously liable for its agents' acts committed in connection with and in furtherance of TTPREC's real estate brokerage business.

54.     AAP has been damaged.

55.     The harm cause to AAP has been irreparable.

## COUNT III
## VICARIOUS COPYRIGHT INFRINGEMENT AGAINST JLT AND SRP

56.     Plaintiff incorporates the allegations of paragraphs 1 through 40 of this Complaint as if fully set forth herein.

57.     AAP owns valid copyrights in the Works at issue in this case.

58.     AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

59.     Defendants JLT and SRP directed and/or solicited Tolliver and Prince to copy, display, and distribute the Work at issue in this case and make derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

60. Defendants JLT and SRP profited from the infringing acts of Tolliver and Prince while exercising the right and ability to stop said acts.

61. AAP has been damaged.

62. The harm cause to AAP has been irreparable.

## COUNT IV
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

63. Plaintiff incorporates the allegations of paragraphs 1 through 40 of this Complaint as if fully set forth herein.

64. The Works at issue in this case contain copyright management information ("CMI").

65. Tolliver and Prince knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Works at issue in this action in violation of 17 U.S.C. § 1202(b).

66. Defendants Tolliver and Prince committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of AAP's rights in the Works at issue in this action protected under the Copyright Act.

67. Defendants Tolliver and Prince caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of AAP's rights in the Works at issue in this action protected under the Copyright Act.

68. AAP has been damaged.

69. The harm caused to AAP has been irreparable.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL  33431

WHEREFORE, the Plaintiff prays for judgment against the Defendants THE TOLLIVER PRINCE REAL ESTATE CORPORATION, JOHN L. TOLLIVER, P.A., STEVEN R. PRINCE, P.A., JOHN L. TOLLIVER and STEVEN R. PRINCE that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203.

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: December 12, 2017                    Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number:  98220
joel.rothman@sriplaw.com
ALEXANDER C. COHEN
Florida Bar Number:  1002715
alex.cohen@sriplaw.com

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 North Federal Highway
Boca Raton, FL  33431
561.404.4350 – Telephone

561.404.4353 – Facsimile

*Attorneys for Plaintiff Affordable Aerial Photography, Inc.*